JAMES CANN, defendant below, appellant, *v.* HARRISON WILLIAMS, plaintiff below, respondent.

An indentured apprentice on the expiration of his term and his arrival at age, may sue in his own name the master for a breach of any of the stipulations in the indentures, in any form of action applicable to his claims arising therefrom.

PRONARR in debt on appeal from a justice of the peace. The action was on an indenture of apprenticeship, by Williams, the plaintiff below, who had attained his majority before the institution of the suit below, against Cann, the defendant below, the late master, for the sum of twenty-five dollars payable by the terms of the indenture on the expiration of his service to the said plaintiff.

*J. H. Rodney, for the plaintiff below*, offered in evidence a duly certified copy of the indenture of apprenticeship.

*Booth, for the defendant below.* It is in the usual form prescribed by the statute, and by it Harrison Williams, the plaintiff in this action, was bound by his father, James Harrison, to Cann, the defendant, in the presence of and with the approbation of a justice of the peace of the county, and which was executed by the latter and the father. The

action is in the name of the plaintiff, and is in debt upon the indenture of apprenticeship. He would therefore present at this early stage of the case, the question which he intended to raise and would object to the admissibility of it in evidence. It was an instrument under seal and *inter partes* who had duly subscribed it with their names, sealed it with their seals and formally executed it in all respects, as the law required, and the action was directly upon it in the name of one, and by one, who never signed it and never could have lawfully signed it, or could have become a formal party in a legal sense to it. He therefore could not maintain an action of debt upon it in his own name, because he was not one of the parties who signed and executed it, and therefore in legal contemplation and under the strict and technical rules which apply to an action of debt upon an instrument under seal, he was not a party to it; on the contrary, it was an instrument under seal between other parties, executed just as the law expressly required it should be, and with all the formalities prescribed by the statute, without providing that he should ever have any such action upon it. Nor for the purposes of this suit did it make any difference that the action was in debt, instead of covenant; for if there was any agreement or contract contained in the instrument between Cann and him to pay him the specific sum mentioned in it, and now sued for by him, covenant would as well lie for it in his name, as an action of debt, and the two actions being concurrent remedies in the case, he might maintain either at his option. But the general and fundamental principle in relation to the action of covenant is, that it will only lie in the name of a party to the deed, and what is meant by a party to a deed which is *inter partes*, as this deed or indenture of apprenticeship is, is one who has duly subscribed his name and affixed his seal to it as a party, and no one can maintain an action of covenant on such a personal covenant as this was, but such a party to the deed and his legal representatives. *Platt on Covenant*, 3 *Law Libr.* 513, 514. But the question now raised

in this case had arisen in this court before, and the point now made had been sustained both here and in England. *Barratt v. Reed*, 3 *Harr.* 24, 6 *E. C. L. Rep.* 139. 13 *E. C. L. Rep.* 303. And if an action of debt will not lie at the suit of this plaintiff upon the indenture of apprenticeship, it was not admissible in evidence to maintain such action.

*J. B. Rodney.* The cases cited and the principle ruled by them in England, applied only to an action of covenant. But in the case referred to in this court, of *Barratt v. Reed,* 3 *Harr.* 24, which was an action of covenant, and not of debt, the court doubted and expressed no opinion, even though the action was in covenant, and it went off upon the discovery that there was an error in the office copy of the indentures on which the plaintiff's attorney had filed his declaration, and the correction of which avoided the question. And in that case the question arose on a demurrer, when the court had ample time to consider, and yet doubted whether an action of covenant even, would not lie at the suit of the apprentice on such an indenture as this. The promise, however, in this case, though under seal and in form a covenant, was by the defendant, the master, to pay the sum demanded, not to the father who signed the indenture, but to the apprentice himself, and an action of debt would lie in his name on such a promise against him. Considered in that aspect, the indenture was not so much the cause, or foundation of the action, as it would have been, if the action had been in covenant, instead of debt.

*By the Court.* The indenture of apprenticeship is admissible in evidence. This is a promise to pay the sum stipulated to the apprentice himself on his arrival at age, for services to be performed by him in the meanwhile. He has attained his majority and is now free, and is the only person actually interested in it, or has any actual claim to it, and he is therefore the only person now interested to demand it, or to sue for and recover it.

Although the covenants contained in the indentures of apprenticeship, are not in terms expressly with the apprentice himself, neither are they in terms expressly with the father, or with the justice of the peace, or with the trustees of the poor when the binding is by such officers. Neither in their terms are they strictly *inter partes* in the true legal import of the phrase, but are general in their scope and character in this respect, and apply more immediately to the party bound as an apprentice by it, than any body else, and were so intended to be ; and as he is the party particularly and directly interested in the performance of this stipulation, for whose benefit alone it is designed in the law, it has long been considered and treated as a promise substantially made by the master to the apprentice himself, or as a covenant contracted with him, and that therefore on the expiration of his term and his arrival at age, he may sue in his own name the master for the breach of any of the stipulations in the indentures, in any form of action applicable to his claims arising therefrom.